O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE CALDERON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　　Defendant. | Case No. CV 07-7312-MLG<br><br>MEMORANDUM OPINION AND ORDER |

    This matter is before the court on Plaintiff's Motion for an Award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff filed an action for judicial review of the denial of his application for Social Security Disability and Supplemental Security Income Benefits in this court on November 6, 2007. The original applications for benefits had been filed in 1994, and had been the subject of four administrative hearings and two actions for judicial review prior to the filing of this action. Judgment was entered remanding this matter for further proceedings on September 18, 2008.

On November 24, 2008, Plaintiff filed this motion for attorney fees under the EAJA. Plaintiff's counsel asserts that he expended 127.15 hours in prosecuting this action and is seeking payment at an hourly rate of $166.46 per hour. In addition, he is seeking payment for .75 hours of clerical time at a rate of $67.45 per hour. This amounts to a total fee request of $21,215.96.

Defendant has filed an opposition to the motion. Defendant challenges both the propriety of an award of fees as well as the reasonableness of the amount of fees requested. Defendant initially claims that fees should not be awarded because the Commissioner's position was substantially justified.

Attorney's fees under the EAJA are not available if the government's position in the underlying litigation was "substantially justified." 28 U.S.C. § 2412(d)(1); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Moreover, a plaintiff is not entitled to EAJA fees simply because she has prevailed against the government. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002). However, the court finds that the Commissioner's position regarding the finding that Plaintiff did not suffer from a severe mental impairment was not substantially justified. As explained in this court's order remanding the case, the ALJ improperly relied on the opinions of physicians who examined Plaintiff only one time, in determining that Plaintiff's impairment was not severe. Additionally, the finding that Plaintiff's treatment for that impairment was "fairly irregular" clearly was not supported by substantial evidence. As such, the position taken by the government to the contrary, particularly in the context of this case's main issue – whether Plaintiff had a "severe" psychological impairment within the

meaning of the regulations - did not have a reasonable basis in law or fact. *See Pierce*, 487 U.S. at 566 n.2.

Defendant next contends that the amount of time counsel claims that he spent on the case is excessive and requests that the fees be accordingly reduced. In support of this argument, Defendant notes that counsel spent 45 hours preparing a settlement proposal. He then spent more than 50 hours preparing the opening portions of the joint stipulation, and then another 21 hours writing the reply to the joint stipulation, both of which presented similar claims to those presented in the settlement proposal. Defendant asserts that while the case was more complex than most social security cases, it is still one in which a seasoned social security practitioner such as Plaintiff's counsel would not have had to spend 127.15 hours to prepare the necessary pleadings.

This court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The court should exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1992). In determining reasonableness, the court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience.[1] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975); *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998). In

---

[1] Of the 12 factors used to evaluate attorney-fee claims, the articulated factors relate to the reasonableness of the time expended.

reducing a fee award, the court must provide a reasonable explanation of how it arrived at the number of compensable hours in determining the appropriate fee. *Sorenson,* 239 F.3d at 1145; *Hensley*, 461 U.S. at 437.

The amount of time required to litigate any case can be highly variable and is the subject of much debate. In *Patterson v. Apfel,* 99 F. Supp. 2d 1212, 1215 n.2 (C.D. Cal. 2000), Magistrate Judge Wistrich of this district noted, after a survey of several dozen cases, that courts generally approve time expenditures of between 30 and 40 hours in social security disability cases, though courts had approved as few as 22 hours and others had approved as many as 45. At least one decision of the Ninth Circuit approved 54.5 hours as reasonable for services rendered before **both** the district court and the court of appeals, although the reasonableness of the time expended was not contested. *Russell v. Sullivan,* 930 F.2d 1443, 1445 (9th Cir. 1991).

After reviewing the time records counsel submitted and the pleadings in this matter, the court finds that the requested time is unreasonable.[2] The case presented five routine issues that are commonly raised in social security cases, which, although well written and presented, should not have required the amount of time sought. Counsel spent 45 hours on a settlement statement and then another 71 hours on the joint stipulation, both of which argued common issues that had previously been presented in the administrative process. Counsel's

---

[2] This is not the first time this court has significantly reduced the number of compensable hours in a request for fees presented by Plaintiff's counsel. *See Ter-Oganova v. Apfel*, Case No. 99-1130-MLG. And, as noted by Defendant, several other judges in this district have found that this counsel has expended excessive hours in presenting social security disability cases. *Collier v. Astrue*, Case No. CV 06-4062-RZ (reducing a claim for 90 hours of compensation to 60); *Farag v. Barnhart*, Case No. CV 04-9758-CW (reducing a claim for 78.8 hours of compensation to 26 hours).

1 request is simply unreasonable.

2     Based upon this court's review of the record, taking into account the length of the briefs, the court concludes that 11 hours is a reasonable time for the settlement statement, fee petition, and administrative work, and 20 hours is an appropriate award for the joint stipulation. This award is more than fair given the routine nature of the issues raised in this case, and it falls in line with time expenditures approved by this and other courts for this type of work.[3] *Patterson, supra*. Additionally, the Court will award $50.58 for the clerical time requested. The court further finds that the hourly rate requested by counsel, $166.46, is authorized.

    Plaintiff is therefore entitled to fees for 31 hours of work at the approved rate for a total of $5160.28. Adding the clerical expenses, Plaintiff is awarded fees under the EAJA in the amount of $5,210.84.

DATED: January 16, 2009

                                  MARC L. GOLDMAN
                                  Marc L. Goldman
                                  United States Magistrate Judge

---

[3] The court notes that it is not rejecting counsel's assertions that he spent the amount of time alleged. Rather, the court is simply concluding that the amount of time spent was unreasonable under the circumstances. Lawyers work at different paces and speeds. A non-prevailing party should not be penalized in a fee-shifting context because a lawyer's style of working results in greater than reasonable time being spent on preparing a pleading.